IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Devay Johnson, | ) Civil Action No.: 2:12-723-MGL |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Jennifer Devay Johnson ("Johnson") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In her Report and Recommendation ("Report"), the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 18.) Johnson filed objections to the Report and Recommendation seeking a reversal of the Administrative Law Judge's ("ALJ") decision. (ECF No. 19.) For the reasons stated below, the court declines to adopt the Report and Recommendation in its entirety. Instead, pursuant to 42 U.S.C. § 405(g), the court remands the matter to the Commissioner for further consideration and explanation of the combined effect of Johnson's impairments consistent with this order.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part.

Johnson was 36 years old when she filed an application for DIB alleging a disability as of July 26, 2007, due to post-partum cardiomyopathy, status post lumbar spine surgery with residuals, and obesity. (Tr. at 17, 19-20, 24, 119.) She graduated from high school, attended one year of college, and has past relevant work experience as a textile machine operator, a tire builder/machine tech, and a material handler. (Tr. at 23-24, 124.) Johnson's application was denied initially and upon reconsideration. (Tr. at 17.) On March 26, 2009, Johnson requested a hearing before an Administrative Law Judge ("ALJ"); a hearing was held on May 21, 2010. (Tr. at 17, 26-48, 61-62.) The ALJ found that Johnson was not under a disability as defined by the Social Security Act. (Tr. at 17-25.) The Appeals Council denied Johnson's request for review on January 6, 2012 (Tr. at 1-5), making the ALJ's decision the final decision of the Commissioner. Johnson subsequently filed an action in this court on March 12, 2012. (ECF No. 1.)

## II.  REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 18 at 15.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the

Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

### III.  PARTIES' RESPONSE

Johnson filed objections to the Report and Recommendation ("Objections") on August 12, 2013, raising several objections, outlined below, which relate to the ALJ's analysis of the evidence.  (ECF No. 19.)   Specifically, Johnson contends that the opinion of Johnson's chiropractor, Dr. Maurice Wallace, was not properly evaluated and weighed by the ALJ.  (ECF No.19 at 1.)  Johnson disagrees with the Magistrate Judge's conclusion that the ALJ did not err in his analysis and treatment of Dr. Wallace's opinion, notes, and records.  Johnson maintains that the Magistrate Judge erred in determining that "Johnson only addressed certain of the ALJ's rationale for diminishing Dr. Wallace's opinion," and asks that the case be remanded for a proper analysis of Dr. Wallace's opinion evidence.  (ECF No. 19 at 3.)  Additionally, Johnson offers that the ALJ's determination that the state agency physicians' opinions were not consistent with Dr. Wallace's opinion only further suggests that the ALJ's reasons for granting little weight to Dr. Wallace's opinion are not supported by the evidence.  (ECF No. 19 at 5.)

Next, Johnson claims that the ALJ failed to conduct any analysis or adequately explain the impact of her obesity on her other conditions and their combined impact on her ability to perform basic physical activities.  (ECF No. 19 at 5-6.)  Finally, Johnson claims that the ALJ's credibility findings are inconsistent and do not properly treat Johnson's allegations regarding her challenges and symptoms.

The Commissioner filed a reply to Johnson's objections to the Report asking this court to

affirm the final administrative decision. (ECF No. 23 at 1.) The Commissioner argues that the ALJ reasonably evaluated Dr. Wallace's opinion, that substantial evidence supports the ALJ's Residual Functional Capacity ("RFC") determination, and that the Magistrate Judge appropriately took into account Johnson's obesity in evaluating the RFC and also properly evaluated the ALJ's credibility analysis.

## IV. DISCUSSION OF THE LAW

### A.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

      **B.    ALJ'S CONSIDERATION OF DR. WALLACE'S OPINION AND RFC DETERMINATION AS IT RELATES TO DR. WALLACE'S OPINION.**

As an initial matter, the court finds that the ALJ properly evaluated the opinion of Johnson's chiropractor, Dr. Wallace. Johnson's specific error with the Magistrate Judge's Report is apparently her determination that Johnson did not respond to certain of the ALJ's reasons for diminishing Dr. Wallace's opinion. (ECF No. 19 at 3.) Johnson contends that she did so in her briefing before the court. Either way, the reasons highlighted by Johnson in her objections do not draw the court's attention to any error in the ALJ's evaluation of Dr. Wallace's opinion evidence. As a chiropractor, Dr. Wallace is not an "acceptable medical source" to establish an impairment and his opinion cannot serve as medical evidence. *See* 20 C.F.R. §§ 404.1513, 416.913, 404.1527; *Wright v. Apfel*, 172 F.3d 46, *2 (4th Cir. 1998)(unpublished decision) ("Dr. Henderson's opinion, as a chiropractor, cannot serve as medical evidence . . . furthermore, although Drs. Garmon and Henderson treated Wright, the ALJ was entitled to disregard their opinions in the face of persuasive contradictory evidence."). Although the ALJ acknowledged that chiropractors are not an acceptable source for determining whether an impairment exists, he expressly noted that information from chiropractors can assist in

understanding how an impairment affects one's ability to work. (Tr. at 20.) To that end, the ALJ fully discussed Dr. Wallace's opinions related to Johnson's ability to perform work related activities in his subsequent findings. (Tr. at 20.)

It is clear that the ALJ did in fact consider information from Dr. Wallace and did not completely disregard it and that he further explained the weight given to Dr. Wallace's "other source" opinion sufficient to allow a subsequent reviewer to follow his reasoning. *See* Social Security Ruling (SSR) 06-3p, 2006 WL 2329939, at * 6 (Aug. 9, 2006). Accordingly, the court finds that the ALJ properly considered and evaluated Dr. Wallace's opinion evidence and also finds that substantial evidence supports the ALJ's evaluation of this evidence, particularly in light of the other evidence in the record such as the state agency physicians' opinions. In reaching his RFC determination, just as the Magistrate Judge noted, the ALJ balanced several opinions about Johnson's functional abilities, including Dr. Wallace's opinion, and ultimately concluded that the ALJ's RFC is not without expert basis. (ECF No. 18 at 10.) Although Johnson does not appear to agree with the ALJ's ultimate conclusion, in reviewing for substantial evidence, it is not this court's job to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996). The court further finds no error in the Magistrate Judge's review on these points to the extent Johnson has in fact directed her objection toward the Magistrate Judge's reasoning and analysis.

### C. OBESITY.

Johnson next continues to maintain that the ALJ failed to explain how obesity, acting in combination with her back and heart conditions, impacted her ability to perform basic physical activities. (ECF No. 19 at 5.) Johnson challenges the Magistrate Judge's explanation and

discussion of the ALJ's evaluation in reiterating that it is the ALJ's obligation to explain his reasoning and how he accounted for obesity in the RFC analysis. Upon review of the ALJ's decision, the court agrees that the ALJ failed to adequately explain his evaluation of the combined effects of Johnson's impairments. Although it is possible to infer that the RFC takes into account Johnson's obesity as well as the cumulative effects of all of Johnson's impairments, here, the ALJ failed to adequately explain his evaluation. Instead, the ALJ summarily concluded that "the claimant does not have a physical impairment or a combination of physical impairments which meets or equals any section of the Listing of Impairments." (Tr. at 21.) In finding that Johnson has the RFC to perform light work, he indicated that he considered all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence, but there is no further explanation from the ALJ on the point to demonstrate the required evaluation.

As the Fourth Circuit has instructed, "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Here, because the ALJ did not adequately explain his evaluation of the combined effects, the appropriate judicial review cannot be had and the court cannot say whether substantial evidence supports the Commissioner's decision. Therefore, the court finds that Johnson is entitled to have her claim remanded for proper consideration, particularly in light of SSR 02-1P, 2000 WL 628049 (Sept. 12, 2002).

### D.    CREDIBILITY.

Finally, Johnson also claims that the ALJ did not conduct a proper credibility analysis in failing to properly consider her daily activities and credit her allegations of symptoms. Of course, the ALJ is within bounds to disregard Johnson's testimony to the extent it is inconsistent

with the objective medical evidence in the record. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the court finds that substantial evidence supports the ALJ's credibility assessment. Because the court, however, has found remand necessary for a proper evaluation and explanation of Johnson's obesity, on remand, the ALJ should also reassess the RFC analysis and reevaluate Johnson's credibility as necessary.

## V.  CONCLUSION

The court has carefully reviewed the record, including the findings of the ALJ and Johnson's objections to the Report and Recommendation. For the reasons stated above, the court adopts the Report and Recommendation in part, and reverses and remands to the Commissioner pursuant to 42 U.S.C. § 405(g) to make adequate findings concerning Johnson's obesity, acting in combination with her other impairments, and for further proceedings consistent with this order.

IT IS SO ORDERED.

s/Mary G. Lewis<br>
United States District Judge

Spartanburg, South Carolina  
September 16, 2013